EX PARTE ENRIQUE GERMÁN, Petitioner.

No. 432. Argued December 18, 1944.—Decided January 10, 1945.

*Diego O. Marrero* for petitioner.   *R. A. Gómez, Prosecuting Attorney (Fiscal)*, for The People.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

In civil case No. 42639 of the District Court of San Juan, an action for maintenance and support brought by Carmen Lanclós against Enrique Germán, the plaintiff, on August 27, 1943, filed a motion praying that the defendant be punished as for contempt for his failure to deposit in court the allowances pertaining to the months of June, July, and August, 1943, as directed by said court in its order of March 17th of the same year.   On September 10, 1943, a hearing was held, with the appearance of both parties, and on the 23rd of the same month, the district court rendered judgment finding the defendant guilty of contempt and sentencing him to 30 days in jail, the execution of the judgment to be suspended on condition that the defendant deposit the allowances due and unpaid corresponding to the months of June, July, and August, 1943, for which purpose he was granted 15 days, counted from the date of service of the notice of judgment upon him.

On November 2, 1943, the plaintiff again applied to said court and alleged that defendant had disobeyed all the orders issued by the court and was owing the allowances pertaining to the months of July to October, 1943.   After hearing the parties, the court rendered judgment against the defendant and sentenced him to 30 days in jail.   The operation of that judgment, which was entered on November 15, 1943, was to be suspended until the 30th of the same month, and it was provided that if before the latter date the defendant deposited the arrears of maintenance allowance, the judgment would become inoperative; otherwise a writ of commitment would be issued.

Before any order of commitment was issued, the defendant appealed from both judgments to this court, and, he hav-

ing failed to perfect his appeals, both of them were dismissed by an order issued by us on November 14, 1944. After both judgments had become final (*firme*) and the mandate transmitted to the trial court, on November 30, 1944, the clerk of said court issued under his signature a writ, the dispositive part of which reads as follows:

"THEREFORE: You, the Marshal of this Court, Civil Section, are hereby commanded to arrest Enrique Germán and convey and deliver him to the Warden of the District Jail, to be detained there for the term of 60 days, or 30 days in each case, to which he was sentenced by this court for the offense of contempt; and to make return of this writ to this office after the same shall have been executed."

On November 29, 1944, the petitioner was arrested and committed to the District Jail of San Juan. On December 1, 1944, we dismissed the petition for habeas corpus filed by the prisoner; but, upon the latter filing a motion for reconsideration in which he set forth additional reasons and grounds for his petition, we issued the writ and ordered the release of the petitioner upon the furnishing of a bail bond in the sum of $300.

At the hearing of the proceeding the respondent warden filed a written statement, setting forth that the petitioner was held in custody in the District Jail of San Juan by virtue of the above-mentioned writ of commitment issued by the Clerk of the District Court of San Juan.

Section 3 of the Contempt Act of 1902, as amended by Act No. 102 of May 12, 1937, in its pertinent part provides:

". . . whenever a person is fined or committed to jail for a contempt of court . . . an order or warrant for such fine or imprisonment must be signed by the judge or commissioner delivering such sentence, setting forth the act or acts constituting such contempt, with the time and place of the commission thereof, and the circumstances, and specifying the sentence of the court; otherwise such sentence will be wholly invalid and inoperative."

Once the two judgments were affirmed on November 14, 1944, and the mandate of this court was transmitted to the

district court, the latter became reinvested with jurisdiction to enforce the judgment in both cases of contempt. Section 369 of the Code of Criminal Procedure. It does not appear from the record that the trial judge had issued any order or writ for the execution of the sentence of imprisonment passed upon the petitioner. It was the clerk of the court who, officiously, and without legal authority, issued the writ by virtue of which the petitioner was committed to jail. We are not dealing, then, with a defective writ issued by the trial judge but with an unauthorized and void act performed by the clerk. See *De Torres* v. *District Court,* 58 P.R.R. 519.

Since it appears from the foregoing that the petitioner is held in custody by virtue of a writ which was not issued by the trial judge—a legal and indispensable requisite for the judgment of contempt to be operative—and that the writ whereby the petitioner is deprived of his liberty is void for lack of power on the part of the clerk to issue the same, it is proper for us, in accordance with the provisions of § 483 of the Code of Criminal Procedure, to order the discharge of the prisoner and the cancellation of the bail bond furnished by him; but, inasmuch as the statute does not fix any time limit for the issuance of a writ or order of commitment, the trial court can and should enforce its aforesaid judgments by issuing the proper writ or order in accordance with the provisions of the statute.